Next case on our call this morning is agenda number seven. People of the State of Illinois v. Johnny L. Miller May it please the court, I am Jonathan Silberman with the Illinois Attorney General's Office and I represent the people on this appeal. This court should apply People v. King to the facts of this case to hold that retail theft is not a lesser included offense of burglary under the One Act One Crime Doctrine. King held that when more than one offense arises from a series of closely related acts and the offenses are not, and I quote, by definition, unquote, lesser included offenses, convictions with concurrent sentences can be entered. King upheld convictions for burglary with the intent to commit rape and rape because each required, and I quote, proof of a different element, unquote. In other words, King adopted the abstract elements test for determining lesser included offenses under the One Act One Crime Doctrine. Applying King's abstract elements test to the crimes here would mean that retail theft is not a lesser included offense of burglary. Burglary requires an entry but no taking, while retail theft here requires a taking and in this case a property worth more than $150. What was the burglary here? The store was open, wasn't it? Yes, it was, Your Honor. The burglary was entering with the intent to commit theft and to continue with that it's entry without authorization and when there is an intent to commit a crime in a place that becomes without authorization and the judge so instructed the jurors using a pattern jury instruction. You must determine what the intent of the person who entered the store was in order for your theory to apply. I'm not sure I understand the question. In order to convict a burglary with an intent to commit burglary in a public place, the jurors must decide whether the defendant had a criminal intent at the time of entry and in this case... Did he remain in the public area of the store during the entry? Yes, Your Honor. Doesn't this court have well-established precedent in this issue? I mean, didn't this court address the interplay of King and Rodriguez and People v. Harvey and People v. Artists? I mean, aren't we revisiting here something that has already been decided? No, Your Honor. Let me before you answer. Notably, in Artists, the State argued that this court should abandon the one act, one crime doctrine of King, right? Yes, Your Honor. I remember that case quite well. But this does not have to do as to whether the one act, one crime doctrine should exist. This has to do with whether under the one act, one crime doctrine, the second inquiry, that inquiry as to lesser and greater offenses, how that inquiry should be conducted, whether it should be the same elements to the abstract elements test or the charge enhancement approach. And in Harvey and in Artists, those issues were simply not involved. It just didn't arise. Well, with regard to the lesser included offense, Rodriguez and McLaurin hold that the charge and instrument approach is used to identify lesser included offenses, right? No doubt the court said that that's what it was applying. But those cases do not control for three reasons. First, the result would have been the same under either test in each of those cases. Second, it does not appear from the opinion that the parties brought King to the court's attention, that is to say that King required an abstract elements test. And third, and this is a very important point, the defendant should be held accountable for the full range of that defendant's criminal liability. It should not be the law that under the one act, one crime doctrine, one of King's offenses and one of the defendant's offenses here should be vacated. In King, the victim suffered two distinct harms from the two crimes. Defendant King sexually assaulted the victim and violated the sanctity of her home. And in this case, the defendant entered a store with a criminal intent and actually stole property. The one act, one crime doctrine is designed to eliminate redundant convictions. When the elements are different, the crimes are not redundant. So you're urging that we should have a different analysis in this situation versus what we have lots of precedent on for what you consider on a lesser included offense instruction. Yes, Your Honor, for the following reasons. Counsel, I hope I don't keep you from your reasons because I want to hear them. But is it your argument that we should go back to where we were before we adopted the charging instrument approach? Not exactly, Your Honor. With regard to the one act, one crime doctrine, it is true. We are asking for reaffirmance of King. But we are not asking for the court to overturn NOVAC or any situation or any case where there were lesser included offenses during instructions. And that brings me to why there should be a difference. In NOVAC, and this court, as the court is well aware, expressed its preference to the charging instrument approach. But NOVAC was designed to provide the defendant with a third option, with a jury instruction that would allow the jury to convict on a less serious crime when the jury had some question that the defendant was guilty of the greater but might convict anyway on the greater because the jury felt that the defendant was guilty of something. Let's compare the situation here. Can you get back to the four reasons in response to Justice Garment's question? Yes. The reasons are that there are differences. The justification for the charging instrument approach had to do with jury instructions. And the reason, as I said, was to give, and this is my answer to the difference. It's a different rationale. It's a different factual situation. The different rationale has to do with jury instructions and giving a jury an additional opportunity to find guilt on a less serious crime. But compare the situation here. The defendant was charged with two crimes.  And the jury convicted on both crimes. Did not only convict on the less serious crime, the reason for the charging instrument approach and jury instructions, but convicted on both, found enough proof on both. So the factual scenario is different and the rationale is different. So the rationale for the charging instrument approach should not be imported to the one act, one crime doctrine, where the reason for it does not apply. And so I hope I've answered your question as to why there should be a distinction when considering lesser included offenses under the charging instrument approach. And you're going to tell me about why the rationale doesn't apply. Because the rationale is to provide jury instructions. And here there are jury instructions under the one act, one crime doctrine. So I'll say that again. But that doesn't really speak to whether or not there is a one act, one crime issue. Is that correct? Well, my point is that when asking for jury instructions for an uncharged crime, really does not speak to whether after convictions, two crimes are lesser or one is a lesser or one is a greater. I'm not sure I answered the question. But let me try again. The rationale for the charging instrument approach is to secure an additional jury instruction. That jury instruction is already at play when the defendant is charged with two crimes, the jury is given the opportunity to convict on one or both, and convicts on both. So the rationale for giving that third option simply does not apply because that option is given under these circumstances when both crimes are charged. Doesn't our jurisprudence support that if there's more than one physical act, a court must then determine whether any of the offenses are lesser included offenses? And if any of the offenses are lesser included offenses, multiple convictions are improper, right? Sure. And isn't it as simple as then saying with regard to the lesser included offenses, in fact, doesn't Rodriguez and McLaurin say that they hold that the charging instrument approach is used to identify lesser included offenses? They do say that. But they did not take into account, at least apparently from the opinion, that King applied a different test, and they also ---- Well, that's the interplay of King and the other cases, right? Yes. I mean, first you decide whether or not there's more than one act. Yes. And there is more than one act here. So that's really not ---- All right. That's the first step, and that's not really at play in this case. Right. So there's more than one act. Now you have to determine lesser included offenses. You use the charging instrument approach to determine whether they're lesser included or not. We suggest that that would be ---- that that should not be the law in Illinois. The consequence of that, think about King. It's interesting how you put that. You're saying we have to change the law in Illinois. Well, the issue in McLaurin and Rodriguez, as I said, would ---- the result would have been the same. It does not ---- while it applied the charging instrument approach, it did not seem that that issue, at least in terms of reading the cases, was really in question, robustly litigated. It simply applied that, no doubt applied that. So those are the reasons why we suggest that they should not be controlling. So we would or we would not have to overrule McLaurin and Rodriguez? To agree with you. Well, because the issue would not have ---- did not ---- would not change the result, they would not ---- I don't think there would be a red flag in Westlaw. There might be a yellow flag. But because they would not change the ---- adopting or actually employing the abstract elements test would not require overruling because the result would have been the same under both tests. Obviously, it would call into question the ---- it's not exactly dicta, but it would certainly call into question some of the language. But I don't believe that ---- It would call into question the analysis, wouldn't it? It was just ---- Rodriguez and McLaurin simply said applying the charging instrument approach without a full analysis, but it obviously did apply them. A dark yellow flag. I'm sorry, your honor? A dark yellow flag. A dark yellow flag, perhaps. Think about the consequence, though, of applying the charging instrument approach. Think of the consequence to King itself. And I would say that ---- and these are the consequences. One of King's convictions would have to be vacated. That simply should not be the law in Illinois. They're not redundant crimes. The elements are different. The defendant should be held accountable for the full range of the defendant's criminal liability. If this case were affirmed, there would ---- King itself, in part, would have to be overruled. So there is a choice. In any event, there would be questions about either line of authority. Finally, as I mentioned, the One Act, One Crime doctrine is designed to avoid redundant criminal convictions. The General Assembly has the undoubted power to define the elements of the crimes. So in considering lesser-included offenses where more than one act is committed, any redundancy should be tied to the General Assembly's definition of the crime, rather than to the prosecutor's framing of a charging instrument that can change from case to case. For these reasons and those in our brief, we ask that the Court's judgment regarding retail theft be overturned and the defendant's conviction reinstated. Thank you. May it please the Court, my name is Deborah Pugh, and I'm the attorney for the FLE, Johnny Miller. The State is presenting this Court with a solution in search of a problem. The State would like this Court to massively overhaul Illinois jurisprudence based on hypothetical problems that in the past 15 years since this Court decided NOVAC have never been proven to exist. The State wants to revert back to the abstract elements approach, which this Court analyzed in detail in NOVAC and then again in 2006 in Colton and determined to be superior to the charging instrument. In NOVAC, this Court found that the abstract elements approach was harsh, mechanical, and inflexible, and it preferred the charging instrument approach because it tempered the mechanical nature of the abstract elements approach with the facts of the case. Now, NOVAC, of course, did deal with jury instructions and so therefore lesser included offenses at trial and what's at issue here are lesser included offenses at sentencing in the one act, one crime context. However, as discussed earlier, in Rodriguez and McLaurin in 1996 and 1998, this Court determined that the charging instrument approach was appropriate for one act, one crime purposes. And while the State argues that those cases did not consider King, Rodriguez quite indicates that it did, in fact, consider King. It quotes extensively from King, including the language that said that King's language about using the definition of the offense. Nevertheless, Rodriguez used the charging instrument or used the charging instrument approach to identify the lesser included offense. So there is absolutely no indication that this Court didn't consider what the import of King or what it meant to be quoting from NOVAC, which it did extensively in McLaurin. Although McLaurin didn't engage in an extensive analysis of the charging instrument approach, it quoted from NOVAC, which did engage in that analysis. So since the decisions in NOVAC and then Rodriguez and McLaurin, the charging instrument approach has been applied nearly universally by the appellate courts throughout the State. It hasn't resulted in any windfalls for the defendants and nor has it resulted in any injustices to the defendants. Because it's the same approach for lesser included offenses used in the jury situation, it's been easy to apply. The appellate courts and the trial courts don't have to determine which approach is used at trial, which approach is then used at sentencing. It's been easy to administer. But the most important point is that the State in its reply brief and in argument today has been unable to point to one single case in which an actual problem related to the charging instrument approach has actually occurred. Ms. Pugh? Yes. Do you concede that there are multiple or separate acts here? Yes. And you do not argue the first step of King, but you skip to the second. Right. That's because I think that because the burglary is related to the entry and the theft is related to the taking, that it was not appropriate to argue that they were separate acts, which is why I jump immediately to the lesser included offense analysis. And under the lesser included offense analysis of the charging instrument approach, it's clear that theft is a lesser included offense of burglary because this case is quite similar to Hamilton. I mean, in terms of the language in the charging instruments here, in Hamilton using essentially identical charging instruments, found that theft was a lesser included offense of burglary. So the State cannot point to a single case in which there has been a problem associated with the charging instrument approach. Now, granted, there have been two recent cases in the appellate courts. There was Poe in the third district and Bridgewater in the fourth district that explicitly rejected the charging instrument approach to lesser included offenses. Notably, those cases did not even acknowledge that this Court had used the charging instrument approach in Rodriguez and McLaurin and, in fact, claimed falsely that this Court had used the charging instrument approach only with regard to jury instructions. Notably, too, like the State here, neither Poe nor Bridgewater could point to any actual problems with the charging instrument approach and instead was forced to, like the State here, discuss only hypothetical situations in which there were problems, hypothetical situations that, again, have not occurred in the past 15 years since Novak. Now, what are these hypotheticals? Are the concerns and the evaluations of the two charges under one act, one crime, the same as for lesser included instructions? Isn't there a different consideration going on here? Well, I don't think that there is a different consideration going on here. I understand the idea of, I mean, it is a different context, and so to that degree there is a different consideration. But what we haven't considered is that actually in the State of Illinois there has never been a difference between determining what the charging, what is a lesser included offense at trial and what is a lesser included offense at sentencing. And so what the State is recommending has never actually been tested in Illinois before, and so we don't know what problems would occur if they were different. But let's consider this. When there is a lesser included offense at issue, the jury is instructed under 26.01Q or R or whichever that they can acquit the defendant of both charges, they can find the defendant guilty of one charge, or they can find the defendant guilty of another charge. So the State is not objecting to the charging instrument approach for that. So let's say we have the charging instrument approach there. The jury is properly instructed, but nevertheless mistakenly returns with two guilty verdicts for, in this case, for instance, burglary and theft. Now then, once we've crossed the line of the conviction, then suddenly the judge can say, okay, well, there were two convictions. That shouldn't probably have happened, but because we now use the abstract elements approach on this end for sentencing, that we can let those two convictions stand. And this could happen not just in a jury instruction context, but also in terms of a case like Rodriguez, where it was not a lesser included offense situation, but where the defendant pleaded guilty. And so there could be situations in which the defendant mistakenly improperly pleads guilty to two crimes, one of which is a lesser included offense of the other, which would have been a problem at trial, but then at the sentencing stage that there's no opportunity to correct that error because suddenly we jump to a different standard, the abstract elements approach. And so what was a lesser included offense down at trial is no longer a lesser included offense at sentencing. And so using the charging instrument approach at sentencing would not result in any windfalls, because it has not resulted in any windfalls, but also switching to the abstract elements approach deprives courts of the opportunity to correct a problem that might have occurred at the trial in terms of finding the defendant guilty of lesser included offenses and the greater offense, which under 26.01Q, a jury should be instructed not to do. And the state also presents other hypotheticals. For instance, in their brief, they discuss situations in which the defendant is convicted of two crimes, and then due to one act, one crime, would be sentenced on only the lesser crime. So in this case, that situation would be where my client, Johnny Miller, was convicted of both burglary and retail theft, and the state posits a scenario where due to one act, one crime, it would be the burglary conviction that would be vacated and the retail theft conviction would remain. But as this court made clear in Lee, any time that a conviction must be vacated under one act, one crime, it's the offense that's deemed more serious by the legislature that's the one that would remain. And so in a different situation where the defendant is convicted of burglary and a more serious offense, it would be the burglary offense that would be vacated. And so there would not result in any kind of windfalls for defendants where they're suddenly being sentenced to the less serious offense due to the use of the charging instrument approach. The charging instrument approach has proved to be reasonable and workable in practice. It just cannot be stressed enough that there are no actual problems associated with it. The state has been unable to determine any problems, has been unable to comb through all of Illinois law and come up with any actual problems, any windfalls to defendants. Although Poe claims that lesser included offense jurisdiction is muddied and unintelligible, other districts have not found that and have found it quite easy to apply, especially considering that it's the same approach for jury instructions and the same approach for lesser included offense at sentencing for one act, one crime purposes. It's been easy to administer for most districts. There's simply no reason to abandon this Court's well-reasoned preference for the charging instrument approach due to a parade of hypotheticals and phantom problems that have never yet occurred, and there's no reason that these problems should ever occur. There's simply nothing wrong with this Court's approach to one act, one crime jurisprudence, and there's no reason to fix what isn't broken. Accordingly, I ask that this Court please affirm the appellate court's vacation of Johnny Miller's retail theft conviction. With regard to, I think this is from the Poe case, what's wrong with this statement? Burglary in general and as charged is a fait accompli the moment the defendant makes an unauthorized entry with the requisite intent regardless of whether the subsequent felony or theft is ever committed. It is the entry coupled with the intent to commit the theft or the felony that completes the burglary. Once the burglary was complete, the defendant then committed the theft, a separate act, a separate offense. Well, the problem with the Poe, the Poe decision proceeds on a series of profound misapprehensions about the law of lesser included offenses. In the quote that you've just read, the Poe court is sort of assuming only the first part of the King analysis, whether there are two acts. And we can see that there are two acts in this case, the entry and the theft. That's not an issue in this case. What the Poe court fails to recognize is the second half of the lesser included offense analysis, which this court has always used even prior to King, which is to look to whether there's a lesser included offense there. There's a very telling quote in the Poe case where the court says that the defendant argues, quote, that once a crime is labeled a lesser included offense of a greater crime, no conviction can stand for the lesser included offense if the defendant is also convicted of the more serious offense. We disagree. In so saying, the Poe court is disagreeing with this court in Artis, it's disagreeing with this court in McLaurin and Rodriguez, it's disagreeing with this court in King, disagreeing with this court in all the cases that preceded King. This court has always maintained that there are two parts of the one act, one crime analysis, whether there are two acts, and then if there are two acts, whether one is a lesser included offense of the other. The Poe court flatly rejects that and just fails to understand completely that there is a lesser included offense analysis that's at issue there, which I think is why that court found lesser included offense analysis to be so incredibly muddied because that court failed to recognize that there were two parts to it. It's also notable that that court also rejected this court's opinion in Novak where Novak said explicitly that to determine whether one offense is a lesser included offense of the other, that lesser included offense need not be essential to the commission of the greater offense. And so Novak said that the greater offense does not necessarily have to require the lesser offense in order for the lesser offense to be a lesser included offense. And Poe also flatly rejected that, saying, well, burglary can be committed without theft, so therefore theft isn't a lesser included offense. The Poe court rejected this court's opinions in Novak, rejected this court's opinions in Artis, rejected this court's opinions in King, rejected this court's opinions in McLaurin and Rodriguez, and not once even acknowledged that it was rejecting this court's opinions and instead indicated that this court's opinions were somehow muddied and that that was the problem. But in fact, the problem was their failure to understand lesser included offense analysis. And again, the Poe decision and the Bridgewater decision was based almost entirely on Poe and didn't include any new analysis in its adoption of the charging instrument or in its adoption of the abstract elements approach. So it's essential to note that those cases, Poe, which went on and on and on, criticizing the charging instrument approach, again was unable to point to any actual problem associated with it. All of its problems were hypothetical. It could not point to a single problem. And the case in which they decided that wasn't a lesser included offense was practically identical to this court's decision in Hamilton determining that that was a lesser included offense of burglary. And so, as I said before, there is nothing wrong with this court's approach and there is simply no reason to fix what isn't broken. And if there are no further questions, I would ask this court to affirm the vacation of Johnny Miller's retail theft conviction. Thank you, counsel. Rodriguez and McLaurin did not purport to overrule People v. King. So for the first time in this case, now this court has to choose between King on the one hand and Rodriguez and McLaurin on the other hand. And here's why King is the better choice. The issue was dispositive in King, that is to say, which approach should be taken, but not in Rodriguez and McLaurin. And the King approach, the abstract elements approach, for this purpose under the one act, one crime doctrine, is better. It effectuates legislative intent. The legislature defining the elements of the crime. And it also allows for the punishment of the defendant's full range of criminal conduct. There is one case where this choice would make a difference. And it's not a hypothetical case. It's a case that this court has cited many times, and that case is People v. King. And the choice would have been different, so it is not a hypothetical. And I leave this court with that case. The difference in the case would have been significant if the charging instrument approach had been applied to the facts in King. Unless there are questions, we'll rest on our brief. Thank you. Case number 107878 will be taken under advisement as agenda number 7.